# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1505 | **DATE** | 8/6/2002 |
| **CASE TITLE** | Holy Cross Hospital v. Bankers Life and Casualty Company and HealthStar, Inc., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, defendants', Unicare Life and Health Life Insurance Company and Alta Health and Life Insurance Company, motions to dismiss plaintiff's, Holy Cross Hospital, amended complaint is granted. [Doc. #s 76, 78].

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | Number of notices | Document Number |
|---|---|---|---|---|
| X | No notices required. | | | |
| | Notices mailed by judge's staff. | | AUG 07 2002 date docketed | 120 |
| | Notified counsel by telephone. | | | |
| X | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | 02 AUG -6 PM 5:53 | AUG 07 2002 date mailed notice | |
| vg(lc) | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Holy Cross Hospital, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 01 C 1505 |
| v. ) | |
| ) | HONORABLE DAVID H. COAR |
| Bankers Life and Casualty Company and ) | |
| HealthStar, Inc., et al ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

DOCKETED
AUG 07 2002

Before this court is defendants', Unicare Life and Health Life Insurance Company ("Unicare") and Alta Health and Life Insurance Company ("Alta") (collectively "defendants"), motions to dismiss plaintiff's, Holy Cross Hospital ("Holy Cross"), amended complaint against them.[1] For the following reasons, the defendants' motion is granted.

## Background

Holy Cross filed its three-count amended complaint on December 28, 2001, only counts I and II state claims against defendants. Count I of Holy Cross' amended complaint alleges claims under the civil enforcement provisions of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132 against Unicare, Alta for taking improper discounts on bills rendered to their insureds in purported reliance upon a contract between Holy Cross and defendant HealthStar, Inc. ("HealthStar"). Count II of Holy Cross' Amended Complaint alleges a

---

[1] Unicare and Alta, represented by the same firm, have filed two separate but essentially similar motions and briefs. Consequently, this court will address both motions in this Memorandum Opinion and Order.

1

state law claim against defendants for discounts taken on bills rendered to insureds who did not obtain their health coverage through ERISA plans.

In both Counts, Holy Cross alleges that it is the assignee of its patents' health insurance benefits.

Unicare and Alta have moved to dismiss Holy Cross' claims.

**Discussion**

The defendants argue that they are not proper in an action to obtain benefits under Section 502 of ERISA. They also argue that no supplemental jurisdiction exists for Holy Cross' state law claims if they are not proper defendants to an ERISA claim. This court agrees.

Under Section 1132(a)(1)(B) a participant in an employee welfare benefit plan covered by ERISA may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." In this circuit, it is well-established that actions to recover ERISA plan benefits may only be brought against the employee welfare benefit plan itself. See Garrat v. Knowles, 245 F.3d 941, 949 (7th Cir. 2001); Jass v. Prudential Healthcare Plan, Inc., 88 F.3d 1482, 1490 (7th Cir. 1996) (rejecting a denial of benefits claim brought against individual defendant and ruling "the appropriate defendant for denial of benefits claim would be the plan."); see also Riordan v. Commonwealth Edison Co., 128 F.3d 549, 551 (7th Cir. 1997). Further, several courts in the Northern District, including this court, have followed the Seventh Circuit's decision in Jass to hold that the only proper defendant to a plan beneficiary's claim for ERISA plan benefits is the plan itself. See Mathisen v. Sundance Homes, Inc. and Great West Life & Annuity Ins. Co., No. 97 C 1305, *slip. op.* (N.D. Ill. Sept. 27, 2000); Carguti v. The Long Term

2

Disability Plan for Salaried Employees, et al., No. 01 C 5863, slip. op. (N.D. Ill. Oct. 3, 2001); see e.g., Anderson v. Illinois Bell Telephone Co., 961 F. Supp. 1208 (N.D. Ill. 1997) (dismissing Section 1132(a)(1)(B) claim against employer holding that plaintiff/beneficiary is required to sue the plan); Fortmann v. Avon Products, Inc., 1999 WL 160258, *4 (N.D. Ill.1999) (finding that since the employer and the plan are not the same entity, plaintiff/beneficiary only may bring suit against the plan under Section 1132(a)(1)(B) claim); Frank v. Ameritech Corp., 1999 WL 1011107, *3 (N.D. Ill. Oct. 12, 1999); Witowski v. Tetra Tech, Inc., 38 F.Supp.2d 640, 644 (N.D.Ill. 1998); Wyluda v. Fleet Financial Group, 2000 WL 1264617, *2 (E.D.Wis.).

In count I of its amended complaint, Holy Cross seeks to obtain benefits under Section 502 from plan insurers Alta and Unicare, not the plan itself and therefore count I must be dismissed as to the defendants. Holy Cross argues that both the Seventh Circuit and the Supreme Court have construed Section 502 to allow claims against insurers like Unicare and Alta for benefits allegedly withheld under ERISA plans.

In support of its position, Holy Cross points this court to the Supreme Court's decision in Metrolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987) as well as the Seventh Circuit's holdings in Brundage-Peterson v. Compcare Health Servs. Ins. Corp., 877 F.2d 509 (7th Cir. 1989), and Kennedy v. Connecticut Gen. Life. Ins. Co., 924 F.2d 698 (7th Cir. 1991). These cases, however, do not undermine the Seventh Circuit's subsequent holding in Jass. None of these cases directly examine the issue of whether an insurer (or any entity other than the plan) was a proper defendant to a claim under Section 502(a) of ERISA. For example, the court in Kennedy addressed the issue of who can sue for ERISA benefits, not the question of what entity is the proper defendant in such an action. Consequently, the plaintiff has not provided sufficient argument or precedent

3

to convince this court that the Seventh Circuit's holding <u>Jass</u> allows Holy Cross to sue plan insurers Alta and Unicare.

## Conclusion

For the foregoing reasons, the defendants' motion to dismiss counts I and II of Holy Cross' amended complaint as to Alta and Unicare is GRANTED.

**Enter:**

*/s/ David H. Coar*

**David H. Coar**
**United States District Judge**

**Dated:** August 6, 2002

4