Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1505 | **DATE** | 10/11/2002 |
| **CASE TITLE** | Holy Cross Hospital vs. Bankers Life & Casualty Company | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum, Defendant HealthStar's Motion to Dismiss Plaintiff's Amended Complaint [Doc # 135] is denied. Additionally, Plaintiff's Motion to Compel Defendants to Withdraw their Motions for Summary Judgment Filed in Violation of the Court's Protective Order [Doc #100] is dismissed as moot in light of Judge Coar's Minute Order of June 7, 2002 [Doc # 103], which granted defendants' motions to withdraw their summary judgment motions and refile them in compliance with the protective order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 5 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | OCT 15 2002 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 157 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | OCT 15 2002 date mailed notice | |
| jar/lc | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HOLY CROSS HOSPITAL, ) | |
| ) | No. 01 C 1505 |
| Plaintiff, ) | |
| ) | HONORABLE DAVID H. COAR |
| v. ) | |
| ) | |
| BANKERS LIFE AND CASUALTY ) | |
| COMPANY and HEALTHSTAR, INC., ) | |
| ) | OCT 15 2002 |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on the Amended Complaint that Plaintiff, Holy Cross Hospital, filed on December 28, 2001. There are currently two motions pending and fully briefed in this case: (1) Plaintiff's Motion for Leave to File its Second Amended Complaint, and (2) Defendant HealthStar Incorporated's Motion to Dismiss Plaintiff's Amended Complaint. For the reasons given in this opinion, the Court denies Defendant HealthStar's Motion to Dismiss. Plaintiff's Motion for Leave to File its Second Amended Complaint is scheduled for a hearing on October 17, 2002. The Court reserves ruling on the motion until that date.

**Factual and Procedural Background**

Holy Cross Hospital ("Plaintiff" or "Holy Cross") filed this lawsuit for recovery of benefits it believes it is owed under welfare benefit plans governed by the Employment Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001–1461, on March 2, 2001. After conducting some discovery, Plaintiff filed an amended complaint on December 28, 2001. The substance of the allegations against Defendant HealthStar Incorporated ("HealthStar") did not

1

change from the original complaint to the amended complaint.

Discovery in this litigation did not proceed as smoothly as the Court would have hoped. Discovery was originally due to conclude on May 28, 2002. On April 19, 2002, Holy Cross filed a Motion to Compel HealthStar's Discovery Responses. Holy Cross withdrew that motion on April 25, 2002 because of its belief that HealthStar had "agreed to reexamine its responses to the first round of discovery." (Schenkier, Mag. J., Min. Ord. of 6/17/2002, at 2) The motion was renewed on June 7, 2002, after HealthStar failed to supplement its responses to the first round of discovery. Although Judge Schenkier had reservations about the timeliness of Plaintiff's request since it came after the close of discovery and after the filing of HealthStar's summary judgment motion (which was filed on May 21), he nevertheless granted it in part. Judge Schenkier ordered HealthStar to reply to certain of the interrogatories by July 1, 2002. HealthStar did not comply with this order, and Holy Cross had to seek an additional order from Judge Schenkier before receiving answers to the interrogatories. As a result of this and other discovery squabbles,[1] discovery was not completed in this case until two months after the deadline.

On May 21, 2002, HealthStar timely moved for summary judgment on Count III of Plaintiff's Amended Complaint (Count III is the only count that implicates HealthStar). Because of the discovery disputes, HealthStar's original summary judgment motion was stricken. (Coar, J. Min. Ord. of 7/17/2002) HealthStar was granted leave to file its summary judgment motion on August 20, and it filed its motion on August 21. Two days later, HealthStar filed a motion to dismiss the amended complaint for failure to state a claim upon which relief can be granted

---

[1] Holy Cross also required Judge Schenkier's intervention to secure the deposition of another defendant's (Banker's Life and Casualty Company) Rule 30(b)(6) witness. (Schenkier, Mag. J., Min. Ord. of 7/9/2002)

pursuant to Federal Rule of Civil Procedure 12(b)(6).

## DISCUSSION

The behavior of both parties to this motion (Defendant HealthStar and Plaintiff Holy Cross) has raised serious timeliness concerns in this case. When this Court issues scheduling orders under Rule 16(b) of the Federal Rules of Civil Procedure, those orders are binding and the Court expects them to be followed. While parties often have disputes during discovery, there are mechanisms to resolve those disputes that will still permit compliance with the scheduling order.

While the timeliness of discovery compliance frustrates the Court's interest in an orderly process, HealthStar's submission of a Motion to Dismiss pursuant to Rule 12(b)(6) *after* its submission of a summary judgment motion turns the Federal Rules of Civil Procedure upsidedown. It is hornbook law that Rule 12 motions must be filed before filing a responsive pleading, see Wright & Miller, Federal Practice & Procedure: Civil 2d § 1361 ("[I]f a party decides to raise any of the seven enumerated defenses [in Rule 12] by motion, it 'shall be made before pleading if a further pleading is permitted.'") (quoting Fed. R. Civ. Pro. 12(b)), which by necessity must also precede filing a summary judgment motion.

HealthStar's suggestion that other developments in this case justify its delinquent filing of the Motion to Dismiss is unavailing. Motions to dismiss for failure to state a claim are decided by reference to one thing and one thing only: the plaintiff's complaint. If matters outside the complaint are offered and considered, the Court should convert the motion to dismiss to a motion for summary judgment. See Fed. R. Civ. Pro. 12(b). Here, HealthStar has already submitted its motion for summary judgment (twice), so the Court will decide the issues raised in HealthStar's Motion to Dismiss in its decision on summary judgment.

3

The Court would also like to make one final note about HealthStar's Motion to Dismiss. In addition to seeking dismissal of the charges pending against it, HealthStar also urges this Court to dismiss the claims against a co-defendant, Banker's Life and Casualty Company ("Banker's Life"). Like HealthStar, Banker's Life has already submitted its motion for summary judgment as well. Unlike HealthStar, Banker's Life has not filed an untimely motion to dismiss in addition to its summary judgment motion. In this case, where the interests of defendant HealthStar are somewhat adverse to the interests of defendant Banker's Life, HealthStar has no business making requests (let alone standing to make the request) for this Court to dismiss claims against anyone but itself. In our system of justice, all represented parties speak to the courts through counsel. When they do, unless there has been some agreement to the contrary, they speak only for themselves. HealthStar is admonished to keep that in mind in its future presentations to this Court.

## CONCLUSION

For the reasons stated in this memorandum opinion, the Court denies HealthStar's Motion to Dismiss Plaintiff's Amended Complaint.

**Enter:**

_____
**David H. Coar**
**United States District Judge**

**Dated: October 11, 2002**

4