# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1505 | **DATE** | 10/17/2002 |
| **CASE TITLE** | Holy Cross Hospital vs. Bankers Life & Casualty Company | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiff's Motion for Leave to File a Second Amended Complaint

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  For the reasons stated in the attached memorandum, Plaintiff Holy Cross Hospital's Motion for Leave to File a Second Amended Complaint [Doc # 134] is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | Copies given out in open court | → 5 number of notices | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | OCT 18 2002 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | UU docketing deputy initials | 158 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 10-17-02 date mailed notice | |
| jar/lc | courtroom deputy's initials | Date/time received in central Clerk's Office | Perry mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HOLY CROSS HOSPITAL, | ) |
| | ) No. 01 C 1505 |
| Plaintiff, | ) |
| | ) HONORABLE DAVID H. COAR |
| v. | ) |
| | ) |
| BANKERS LIFE AND CASUALTY | ) |
| COMPANY and HEALTHSTAR, INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on Plaintiff's Motion for Leave to File a Second Amended Complaint. For the reasons stated in this opinion, Plaintiff's motion is denied.

### Factual and Procedural Background



OCT 18 2002

Plaintiff Holy Cross Hospital ("Plaintiff" or "Holy Cross") filed this lawsuit on March 2, 2001. On June 1, 2001, this Court held the scheduling conference pursuant to Rule 16(b) of the Federal Rules of Civil Procedure. The Court laid out the following schedule for this lawsuit: all amendments to pleadings were to be filed on or before December 31, 2001; discovery should be closed by May 28, 2002; dispositive motions were due by July 10, 2002; the final pretrial order was to be submitted on November 20, 2002; final pretrial conference was scheduled for December 6, 2002; and the trial date was set for January 6, 2003.

Holy Cross initially filed a three count complaint. Count I alleged that it was wrongfully denied benefits under welfare benefit plans governed by the Employment Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001–1461. Count II alleged that it was wrongfully denied

1

158

benefits owed to it under welfare benefit plans not governed by ERISA. Count III sought a declaratory judgment against Defendant HealthStar, Incorporated ("HealthStar") that the contract between Holy Cross and HealthStar terminated in 1996. Holy Cross amended its complaint on December 28, 2001, three days before the deadline for amendments to pleadings. The amended complaint added two parties as defendants to Counts I and II, but it did not change the substance of the allegations in the complaint.

Due to conflicts arising from the discovery process, the schedule this Court set on June 1, 2001 was altered. See Slip Op. of Oct. 11, 2002 [Doc #157] at 2 (describing discovery disputes in this case). Discovery was not completed until the beginning of August, and the dispositive motion deadline was moved to August 22, 2002.

On August 7, 2002, this Court dismissed the complaint against two defendants, Alta Health and Life Insurance Company ("Alta") and Unicare Life and Health Insurance Company ("Unicare") for failure to state a claim upon which relief can be granted. See Holy Cross Hosp. v. Banker's Life & Cas. Co., No. 01-C-1505, 2002 WL 1822916 (N.D. Ill. Aug. 7, 2002). In the opinion dismissing the complaint against those defendants, the Court held that Alta and Unicare provided insurance to employee benefit plans, but they were not the employee benefit plans themselves. As such, they were improper parties to a lawsuit based upon a claim for denial of benefits under ERISA. See id., 2002 WL 1822916 at *2.

Subsequently, the two remaining defendants, HealthStar and Banker's Life and Casualty Company ("Banker's Life"), filed motions for summary judgment, motions which have recently been fully briefed.[1] Holy Cross filed its Motion for Leave to File a Second Amended Complaint

---

[1] Banker's Life filed the final reply brief on October 11, 2002.

2

on August 22, 2002. The Second Amended Complaint adds allegations that all defendants were fiduciaries of welfare benefit plans governed by ERISA. It also adds a fourth count that the defendants each and all violated ERISA and breached the fiduciary duties the plans imposed upon them. On October 3, 2002, this Court continued the ruling date on the Motion for Leave to File a Second Amended Complaint until October 17.

## DISCUSSION

Plaintiff's Motion for Leave to File a Second Amended Complaint arises under Rule 15(a) of the Federal Rules of Civil Procedure.[2] The rule allows parties to amend pleadings once as a matter of course before a responsive pleading has been filed. Fed. R. Civ. Pro. 15(a). Thereafter, the party must either obtain consent from the other parties or seek leave of court to file amendments to pleadings. Id. The rule establishes a liberal policy to permit amendments to pleadings "when justice so requires." Id.

The liberal policy to permit amendments is not without limits. A court may deny leave to amend if the request is too late, made in bad faith, futile, or unduly prejudicial to the opposing parties. See Foman v. Davis, 371 U.S. 178, 182 (1962) (listing as possible reasons to deny leave to amend pleadings:"undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance to the amendment, [and] futility of amendment").

---

[2]Defendant HealthStar points out that the request also comes in violation of the scheduling order established pursuant to Rule 16(b) of the Federal Rules of Civil Procedure. Parties are required to demonstrate "good cause" to justify changes to scheduling orders. Holy Cross has not suggested a reason why it could not have pleaded the theories now asserted as part of its original complaint. While this may provide further justification for denying the motion, the Court need not engage in this inquiry, as it finds that Plaintiff's request should be denied even under the policy generally favoring amendments under Rule 15(a).

In this case, Plaintiff's request to amend the complaint came after the end of discovery, after the filing of summary judgment motions, and after an adverse ruling on a motion to dismiss the complaint. Under these conditions, Plaintiff's request for leave to amend is certainly untimely. Failure to request leave to amend in a timely fashion, without more, is rarely sufficient to deny plaintiffs leave to amend their complaints. In addition to being untimely, though, Plaintiff's proposed amended complaint presents several other problems: it raises an inference of bad faith; if allowed, it would cause undue prejudice to the remaining defendants; and in the end, it would be futile.

A. BAD FAITH

Holy Cross represents that they could not have filed their second amended complaint earlier because the allegations turned upon discovery that it received in late July 2002, after the scheduled close of discovery. Without restarting the blame game, the Court will simply point out that neither party has clean hands with respect to the delays in the discovery process. See Min. Ord. of 6/17/2002, at 2 (Schenkier, Mag. J.) (describing discovery dispute). As Defendant HealthStar points out, the existence of the precertification and utilization review processes that Holy Cross makes the centerpiece of Count IV of its second amended complaint was known to the parties before the instigation of this litigation. In the federal system of notice pleading, Holy Cross had sufficient information prior to filing its original complaint to justify an allegation of breach of fiduciary duty. Absent inclusion in its original complaint, Holy Cross certainly had sufficient information to include the fiduciary duty allegations in its amended complaint, filed more than nine months later. While the late discovery in this case certainly provided Holy Cross with more information about the precertification and utilization review processes HealthStar

employed, Holy Cross cannot reasonably maintain that the discovery provided it with the only information it had about those processes. The existence of those processes was in the original contract between Holy Cross and HealthStar. See Preferred Hospital Agreement Between HealthStar (then PCN) and Holy Cross Hospital, arts. 5(b), 9, 21 (attached to original complaint).

Coming now, after the filing of motions for summary judgment and after an adverse ruling on a motion to dismiss, the second amended complaint attempts to circumvent the summary judgment process. If allowed, such amendments would be gravely unfair to defendants. See Kirby v. P.R. Mallory & Co., 489 F.2d 904, 912 (7th Cir. 1972) ("It is clearly unfair to [the defendant] to permit [the plaintiff] to remain mute [through] this [discovery] period, and then to bolster his pleadings to prevent an anticipated adverse judgment."); see also Wright, Miller & Kane, Federal Practice & Procedure: Civil 2d § 1487, at 651 ("[L]eave may be withheld if the moving party knew the facts on which the claim...sought to be added were based at the time the original pleading was filed and there is no excuse for failure to plead them."). This late filing is sufficient to raise an inference that Holy Cross sought leave to amend to stave off an adverse judgment that may or may not be forthcoming. As such, the filing permits an inference of bad faith.

### B. PREJUDICE TO THE DEFENDANTS

When deciding whether to grant leave to amend pleadings, prejudice to the opposing party is often cited as the most important factor in considering requests to amend pleadings. See Wright, Miller & Kane, Federal Practice & Procedure: Civil 2d § 1487, at 613 ("Perhaps the most important factor listed by the Court and the most frequent reason for denying leave to

amend is that the opposing party will be prejudiced if the movant is permitted to alter his pleading."). Here, all defendants claim that they would be prejudiced by the proposed amendments. The Court agrees.

Although the allegations presented in the second amended complaint are not as radically different from the amended complaint as the defendants suggest, they would inevitably require additional discovery. As the Supreme Court noted in Pegram v. Hedrich, fiduciary duties under ERISA are determined by reference to the employee benefit plans. 530 U.S. 211, 226–26 (2000). To determine the nature and scope of each defendant's fiduciary duty (and indeed even whether such a duty exists), each plan would have to be studied carefully. As it stands now, the parties have not brought any ERISA plans to the attention of the Court, so the amendment would inevitably require significant additional discovery. With summary judgment motions pending and a trial date looming, amending a pleading that would require additional discovery would impose unnecessary hardship on all the defendants. It is for this reason that the courts regularly refuse to permit amendment after summary judgment motions have been filed. See Coleman v. Ramada Hotel Operating Co., 933 F.2d 470, 473 (7th Cir. 1992).

C. FUTILITY OF AMENDMENT

Finally, the amended complaint is futile, for its own allegations are insufficient to withstand a motion to dismiss. Plaintiff, citing Pegram v. Hedrich, 530 U.S. 211, 219 (2000), represents that eligibility decisions include precertification and utilization review programs, and that these decisions are fiduciary in nature. While Pegram holds that eligibility decisions are fiduciary in nature, it also announces that eligibility decisions are often mixed with treatment decisions made by competent medical professionals. See Pegram, 530 U.S. at 229. When these

mixed treatment and eligibility decisions are made, the Supreme Court held that they were not fiduciary decisions within the contemplation of ERISA. See Pegram, 530 U.S. at 237 ("mixed eligibility decisions by HMO physicians are not fiduciary decisions under ERISA").

Plaintiff's amended complaint relies heavily on HealthStar's belated discovery related to the precertification and utilization review processes it employed. As outlined above, Holy Cross did not need the belated discovery to make allegations relating to the precertification and utilization review process. Since the precertification and utilization review processes represent mixed treatment and eligibility decisions as discussed in Pegram, they do not comprise fiduciary decisions under ERISA. To the extent that those processes are the linchpin of Holy Cross' new allegations, the amended complaint would not withstand a motion to dismiss.

## CONCLUSION

For the reasons stated in this opinion, Plaintiff's Motion for Leave to File a Second Amended Complaint is denied.

Enter:

_____
David H. Coar
United States District Judge

Dated: October 17, 2002