# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1505 | **DATE** | 11/26/2002 |
| **CASE TITLE** | Holy Cross Hospital vs. Banker's Life & Casualty Company | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Banker's Life & Casualty Co.'s Motion to Correct the Record

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____ .
(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .
(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .
(7) ☐ Trial[set for/re-set for] on _____ at _____ .
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  For the reasons stated in the attached memorandum opinion and order, Defendant Banker's Life's Motion to Correct the Record [Doc. # 163] is granted and its Motion for Summary Judgment against co-Defendant/cross-Defendant HealthStar, Inc. [Doc. # 93] is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| X | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | NOV 2 7 2002 date docketed | |
| | Notified counsel by telephone. | | | 167 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| jar/lc | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | deputy init. | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| HOLY CROSS HOSPITAL, | ) |
|     Plaintiff, | ) No. 01 C 1505 |
| v. | ) HONORABLE DAVID H. COAR |
| BANKERS LIFE AND CASUALTY COMPANY and HEALTHSTAR, INC., | ) |
|     Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on Defendant/Cross-Plaintiff Banker's Life & Casualty Company's Motion to Correct Record and For Ruling on Banker's Life & Casualty Company's Motion for Summary Judgment against HealthStar, Inc. For the reasons stated in the opinion, the motion to correct the record is granted and Banker's Life's motion for summary judgment against HealthStar is denied.

### Motion to Correct the Record

On May 16, 2002, Defendant Banker's Life & Casualty Company ("Banker's Life") filed a motion for summary judgment against Plaintiff Holy Cross Hospital ("Holy Cross") and against co-Defendant/Cross-Defendant HealthStar, Inc. ("HealthStar"). Due to discovery delays, Banker's Life's motion for summary judgment against Holy Cross was stricken on July 17, 2002. On August 20, 2002, this Court granted Banker's Life permission to refile its motion for summary judgment. It never refiled the motion.

In a memorandum opinion entered on November 8, 2002, the Court noted that Banker's

1

Life's motion for summary judgment against HealthStar was stricken on July 17 as well. See Holy Cross Hosp. v. Bankers Life & Cas. Co., No. 01-C-1505, 2002 WL 31507164, at *4 (N.D. Ill. Nov. 12, 2002). The docket in this case reflects that Banker's Life's entire motion for summary judgment was stricken on July 17. See Min. Ord. July 17, 2002 (Coar, J.) ("Motion[] for summary judgment of ... Bankers Life is stricken."). The transcript of proceedings from July 17, 2002, however, reveals that the Court only struck the motion for summary judgment as against Holy Cross. (Banker's Life Mot. Correct Record, Ex. A) The Court would prefer to be perfect, but it accepts the fact that it is not. The motion for summary judgment against HealthStar was not stricken from the record. Had Banker's Life policed the docket more closely, we might have avoided the hardship associated with this mistake.

### Banker's Life Motion for Summary Judgment against HealthStar

Banker's Life requests summary judgment on its counterclaim against HealthStar based on the indemnification provision of the payor agreement between them. It asserts that should it become liable, HealthStar is required to indemnify Banker's Life. This motion is judged by the familiar standard set forth in Rule 56 of the Federal Rules of Civil Procedure. When all "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact [then] the moving party is entitled to a judgment as a matter of law." If the moving party meets its burden of proof, the non-moving party must set forth the evidence that demonstrates a genuine issue of material fact. All the record evidence is evaluated in the light most favorable to the non-moving party.

Indemnification provisions are interpreted by reference to the instrument that created them. In Illinois, "indemnity contracts are strictly construed." McNiff v. Millard Maintenance

2

Service Co., 715 N.E.2d 247, 249 (Ill. App. Ct. 1999). Here, the payor agreement between HealthStar and Banker's Life contained the following indemnification provision:

> [HealthStar] agrees to indemnify and hold harmless [Banker's Life], its officers, directors, employees and agents against any claim, loss, damage or expense for which [Banker's Life] and its officers, directors, employees or agency may become liable which arises out of or results from a breach of duty or a negligent act or omission to act of [HealthStar] or its employees or agents.

(Banker's Life Mot. Sum. J., Ex. 5, at 6). This indemnification provision is rather broad. It allows that HealthStar will indemnify Banker's Life against "any claim, loss, damage or expense" for which it "may become liable" which "arises out of or results from [Health Star's] breach of duty or negligent act or omission to act."

HealthStar asserts that Banker's Life's request for summary judgment on the indemnification provision is premature, as there has not been a finding of liability for Banker's Life nor has there been a finding that HealthStar breached a duty or was negligent. Banker's Life avers that the Court found HealthStar to be negligent in its opinion denying summary judgment on November 8, 2002. The Court did find that both HealthStar and Holy Cross were negligent in the maintenance of the contract between them, but that negligence does not automatically determine the rights between HealthStar and Banker's Life.

There is significant evidence that HealthStar did not consistently convey accurate information to Banker's Life about the status of the contract with Holy Cross. HealthStar's response to the summary judgment motion is devoid of any representation to the contrary. HealthStar asserts only that a finding of indemnity would be premature and that the indemnity agreement does not allow for the recovery of costs and attorney's fees. They have not put forth any evidence to contradict Banker's Life's position that HealthStar breached its duty to convey

3

accurate information to Banker's Life about the status of the contract with Holy Cross. The Court takes particular notice of HealthStar's representations to Banker's Life that it had a valid contract with Holy Cross from August 31, 2000 to October 1, 2000. At that point, the relationship between Holy Cross and HealthStar had deteriorated to the point where the initiation of this litigation was a near certainty. HealthStar's failure to disclose at a minimum the nature of its dispute with Holy Cross to Banker's Life raises a fairly strong inference of negligence.

The Court cannot conclusively determine, however, whether HealthStar was negligent in its dealings with Banker's Life, for any such finding depends in large part upon the resolution of the contractual issues between HealthStar and Holy Cross. There remain disputed issues of fact about the status of the contract during the entire period from the date of its expiration, September 30, 1996, to the initiation of this litigation. Once the status of the contract between HealthStar and Holy Cross is established, the extent of HealthStar's negligence, if any, can be conclusively determined. As such, Banker's Life's motion for summary judgment against HealthStar must be denied.

## CONCLUSION

For the reasons stated in this memorandum opinion, the Court grants Banker's Life's motion to correct the record and denies its motion for summary judgment against HealthStar.

**Enter:**

_David H. Coar_
**David H. Coar**
**United States District Judge**

**Dated: November 26, 2002**